1  Ryan Harris, SBN 217154
2  Katie McIver, SBN 295123
   Harris Personal Injury Lawyers, Inc.
3  409 13th Street, 17th Floor
   Oakland, CA 94612
4  Telephone: (510) 646-9616
   Fax: (510) 646-1342
5

6  Attorneys for Plaintiff
7

8  IN THE UNITED STATES DISTRICT COURT
9  IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11 | BARBARA LEFIELL, an individual; | Case No.: |
12 | Plaintiffs, | |
13 | vs. | |
14 | UNION PACIFIC RAILROAD COMPANY, a corporation; NATIONAL PASSENGER RAILROAD CORPORATION dba AMTRAK, a corporation; BRIAN SMITH, individually; CITY OF MARTINEZ, a government entity; COUNTY OF CONTRA COSTA, a government entity; and DOES 1 through 100; | **PLAINTIFF'S COMPLAINT FOR DAMAGES** |
15 | | |
16 | | |
17 | | |
18 | | |
19 | Defendants. | |
20 | | |

21
22    Plaintiff BARBARA LEFIELL, in her individual capacity (hereinafter referred to as
23 "Plaintiff"), for causes of action against Defendants UNION PACIFIC RAILROAD COMPANY
24 ("UNION PACIFIC"); NATIONAL RAILROAD PASSENGER CORPORATION dba
25 AMTRAK ("AMTRAK"); BRIAN SMITH; CITY OF MARTINEZ; COUNTY OF CONTRA
26 COSTA; and DOES 1 through 100; (hereinafter collectively referred to as "Defendants"), and
27 each of them, hereby complain as follows:
28

- 1 -

Plaintiff's Complaint for Damages

## 1.

## SUMMARY OF THE CASE

1. On March 28, 2017, at approximately 10:00 am (PDT), Plaintiff Barbara Lefiell ("Plaintiff") was struck and severely injured by an Amtrak train as she waited for the train to cross at the railroad crossing located just north of the intersection at Ferry Street and Marina Vista in Martinez, California.

## 2.

## THE PARTIES

2. Plaintiff Barbara Lefiell brings this action in her personal capacity.

3. Defendant UNION PACIFIC RAILROAD COMPANY ("UNION PACIFIC"), was, and now is, a duly organized corporation authorized to do business within the state of California as a railroad company that owned, leased, controlled, and/or operated a railroad in and through the City of Martinez, State of California.

4. Defendant NATIONAL PASSENGER RAILROAD CORPORATION dba AMTRAK ("AMTRAK"), was, and now is, a duly organized corporation authorized to do business within the state of California as a passenger railroad company that owned and operated passenger railroads in and through the City of Martinez, State of California.

5. Defendant BRIAN SMITH, was at all times relevant herein, employed by Defendant AMTRAK as an engineer, and was acting within the course and scope of his employment, and was a resident of the State of California.

6. Defendant CITY OF MARTINEZ is a public body located in the State of California.

7. Defendant COUNTY OF CONTRA COSTA is a public body located in and throughout the County of Contra Costa, State of California.

8. Plaintiffs do not presently know the true names and capacities of the defendants sued herein under the fictitious names DOES 1-100, inclusive, and will seek to amend this Complaint to state their true names and capacities when they are ascertained. Plaintiffs are informed, believe, and thereon allege, that each of the defendants designated herein as a DOE is

Plaintiff's Complaint for Damages

negligently, wantonly, recklessly, tortiously, and unlawfully responsible in some manner for the events and happenings herein referred to and negligently, wantonly, recklessly, tortiously, and unlawfully proximately caused injuries and damages to Plaintiffs, as herein alleged. Plaintiffs are informed and believe and upon such information and belief allege that each of the fictitiously named defendants are sued as principals, representatives, shareholders, agents, managing agents, servants and/or employees and were, at all times herein mentioned, acting within the course and scope of the aforesaid relationships, in concert and with the authorization, consent and ratification of all the other defendants. All actions of each defendant as alleged in the causes of action stated herein were ratified and approved by every other defendant and/or their officers, directors and/or managing agents.

## 3.

## *JURISDICTION AND VENUE*

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1349 on the grounds that defendant Amtrak is a corporation created by an Act of Congress, and more than one-half of its capital stock is owned by the Government of the United States.

10. Venue is proper because the Subject Incident occurred within the jurisdiction of the United States District Court for the Northern District of California

## 4.

## *GENERAL ALLEGATIONS*

11. Plaintiff incorporates herein by reference all paragraphs hereinabove as if fully set forth in detail below.

12. On or about March 28, 2017 at approximately 10:00 a.m., Plaintiff was standing by the hazardous platform near the old Amtrak station, near the intersection of Ferry Street and Marina Vista Avenue (the "ACCIDENT SITE"). As Plaintiff was waiting on the platform, she was struck by AMTRAK's train operated by BRIAN SMITH, which was operating on tracks and property owned and controlled by DEFENDANTS.

13. Plaintiffs are informed and believe that, at all times relevant herein, each of the DEFENDANTS were acting as the agents, employees, alter egos or joint venturers of the other, and were at all times or are otherwise vicariously liable to Plaintiffs.

## 5.
## GOVERNMENTAL CLAIMS

14. In accordance with the provisions of California Government Code §§ 910 and 945.4, Plaintiff Barbara Lefiell made a written Claim for Damages to Defendant CITY OF SAN LEANDRO, CONTRA COSTA COUNTY, and to STATE OF CALIFORNIA on or before September 28, 2017.

15. On August 11, 2017, Defendant CONTRA COSTA COUNTY delivered to counsel for Plaintiff BARBARA LEFIELL written Notice of Rejection of the Claim, pursuant to California Government Code §913.

16. The CITY OF MARTINEZ claim was deemed rejected after 45 days.

## 6.
## CAUSES OF ACTION
### FIRST CAUSE OF ACTION

*GOVERNMENT CODE SECTIONS 835, 815.2(A), 815.6, 835.2 AND 840.4 BY PLAINTIFF BARBARA LEFIELL INDIVIDUALLY AGAINST DEFENDANTS CITY OF MARTINEZ; STATE OF CALIFORNIA; COUNTY OF CONTRA COSTA; AND DOES 1-50 (HEREINAFTER "DEFENDANT PUBLIC ENTITIES")*

17. Plaintiff BARBARA LEFIELL incorporates herein by reference all paragraphs hereinabove as if fully set forth in detail below.

18. Plaintiff BARBARA LEFIELL alleges that, at all times relevant to this action, Defendant PUBLIC ENTITIES were governmental entities responsible for the planning, design, construction, supervision, ownership, leasing, installation, inspection, operation, evaluation, overseeing, placement, repair and/or maintenance of the platform, approaching sidewalk,

- 4 -

Plaintiff's Complaint for Damages

property, and general area where Plaintiff was struck by the train (hereafter referred to as the "ACCIDENT SITE").

19. At all times relevant to this action, Defendant PUBLIC ENTITIES, and their agents and employees, negligently acted or failed to act when planning, designing, constructing, supervising, owning, leasing, installing, inspecting, operating, evaluating, overseeing, repairing and/or maintaining the ACCIDENT SITE, creating a dangerous condition.

20. Defendant PUBLIC ENTITIES' negligence when planning, designing, constructing, supervising, owning, leasing, installing, inspecting, operating, evaluating, overseeing, repairing and/or maintaining the ACCIDENT SITE included, but is not limited to: the negligent and careless maintenance, design, construction, management, repair, inspection, fencing, railing, approaching sidewalks, placing and allowing a platform and sidewalk to be placed too close to the railroad tracks, crosswalks, markings, warnings or signage at the ACCIDENT SITE, or that the ACCIDENT SITE had no warnings, warning signs, barriers, and/or flashing lights and other signals alerting the public, including drivers, pedestrians, and Plaintiff of the dangerous condition.

21. Defendant PUBLIC ENTITIES' negligence when planning, designing, constructing, supervising, owning, leasing, installing, inspecting, operating, evaluating, overseeing, repairing and/or maintaining the ACCIDENT SITE included, but is not limited to: failing to plan, design, construct, install, repair and/or maintain the ACCIDENT SITE, and thereby creating a dangerous condition.

22. Plaintiff BARBARA LEFIELL alleges pursuant to Government Code Sections 835.2 and 840.4 that Defendant PUBLIC ENTITIES and their employees had actual notice of the dangerous condition of the ACCIDENT SITE. In fact, upon information and belief, other members of the public have been struck by moving railroad equipment at and near the ACCIDENT SITE. Defendant PUBLIC ENTITIES and their employees had sufficient time prior to Plaintiff's injury to have taken measures to protect against the dangerous condition. In the alternative, Plaintiff BARBARA LEFIELL alleges that Defendant PUBLIC ENTITIES and their

1  employees had constructive notice of the dangerous condition a sufficient time prior to Plaintiff's
2  injury to have taken measures to protect against the dangerous condition.

3      23.    Plaintiff BARBARA LEFIELL is informed and believes, and based thereon
4  allege, that the Defendant PUBLIC ENTITIES knew, had reason to know, or must have known
5  that the ACCIDENT SITE was a dangerous condition. In fact, for several years Defendant
6  PUBLIC ENTITIES and the RAILROAD DEFENDANTS were aware that the ACCIDENT
7  SITE was dangerous and that improvements for pedestrians needed to be made to make the
8  platform and ACCIDENT reasonably safe for the public.

9      24.    Plaintiff BARBARA LEFIELL is informed and believes, and based thereon allege
10  that Defendant PUBLIC ENTITIES and RAILROAD selected the crossing for funding for
11  hazard elimination and safety improvements and received a grant to make safety improvements
12  to the ACCIDENT SITE. Outside of this hazard assessment, DEFENDANTS also had
13  knowledge of the dangerousness of the ACCIDENT SITE, knew that others had been killed and
14  injured there, and knew that safety improvements needed to be made to make the ACCIDENT
15  SITE reasonably safe for pedestrians.

16      25.    Upon information and belief, Plaintiff BARBARA LEFIELL alleges that even
17  after receiving this grant, Defendant PUBLIC ENTITIES failed to make sufficient improvements
18  to the ACCIDENT SITE until after Plaintiff and several others had been struck and killed,
19  despite knowledge of several prior incidents at the location and acknowledging that the location
20  of the platform and approaching sidewalk, along with the population density, makes the
21  ACCIDENT SITE particularly dangerous.

22      26.    The recommended improvements for the ACCIDENT SITE to eliminate hazards
23  and improve safety included sidewalk construction, railings, removal and relocation of concrete
24  sidewalk, removal and replacement of the hazardous platform, pedestrian channelization, curb
25  and gutter installation, pedestrian crossing gates, roadway striping, and ADA ramps.
26  DEFENDANTS also knew or should have known that installing a pedestrian overpass at or near
27  the ACCIDENT SITE was needed because of the dangerous nature of the site, assessments of the
28  site, and because several other pedestrians were killed or injured at the site.

Plaintiff's Complaint for Damages

27. Despite the known risk and clear danger posed by the hazardous platform and the ACCIDENT SITE, Defendant PUBLIC ENTITIES negligently failed to construct, implement, or install any temporary safety features including but not limited to; signs, cones, fencing, illuminations, warnings, warning signs, railing, crosswalks, or flashing lights alerting the public, including drivers, pedestrians, and Plaintiff of the dangerous condition.

28. Plaintiff BARBARA LEFIELL further alleges that the dangerous condition of the ACCIDENT SITE was such that it was in a dangerous condition at the time of Plaintiff's injury, and that such injury was proximately caused by the dangerous condition and that such dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred by Plaintiff and that Defendant PUBLIC ENTITIES and their employees had actual or constructive notice of the dangerous condition sufficient time prior to the injury to have taken measures to protect against the dangerous condition, but failed to do so pursuant to Government Code Sections 835.2 and 840.4.

29. Plaintiff BARBARA LEFIELL further alleges that the "dangerous condition" of the ACCIDENT SITE, the subject of this action, means that it was in such a condition that it created a substantial risk of injury when the ACCIDENT SITE was used with due care and in a reasonably foreseeable manner within the meaning of Government Code Sections 830, 835, and 840.2.

30. Defendant PUBLIC ENTITIES further breached their duties of care owed to Plaintiff and other persons in that the Railroad where the ACCIDENT SITE is located was dangerously designed, constructed, signed, marked, positioned, maintained, repaired, and/or controlled. The foregoing condition was due to the negligence and/or carelessness and/or violation of Defendant PUBLIC ENTITIES and their employees' statutory duties; moreover, such conditions created and constituted a dangerous condition of public property within the meaning of the Government Code, and Appellate decisions relating thereto.

31. The conditions of the Railroad at the ACCIDENT SITE, as described above, created a dangerous condition for pedestrians attempting to walk near the ACCIDENT SITE. The obligation of Defendant PUBLIC ENTITIES and their employees are predicated, inter alia,

Plaintiff's Complaint for Damages

upon liability by virtue of Government Code Section 830, et seq. (including Sections 830, 835, 835.2, 840.2 and 840.4), for the dangerous condition of the Railroad at the Accident Site in question that constituted a substantial risk of injury when used with due care and in a manner for which it was reasonably foreseeable that it would be used and such Railroad was the cause of the injuries suffered by Plaintiff herein. By way of example and not by way of limitation, Defendant PUBLIC ENTITIES are indebted to Plaintiff BARBARA LEFIELL upon their failure to protect and provide adequate safeguards, by their negligent acts or omissions and/or acts in violation of their statutory duties in failing to correct the dangerous condition and their failure to warn of the dangerous condition as well as by way of their general negligence concerning the matters described herein. The liability of Defendant PUBLIC ENTITIES and their employees, and other Defendants' obligation to Plaintiff is also due upon their negligence in the inspection, maintenance, use, operation, repair (and lack thereof) and the ownership and control of the subject Railroad located at the ACCIDENT SITE.

32. Defendant PUBLIC ENTITIES employed several employees who failed to timely and reasonably allocate and use funds intended for safety improvement of the ACCIDENT SITE. These employees were delinquent in their efforts to improve safety for the public by, amongst other things, failing to request and receive bids for safety improvements at the ACCIDENT SITE in a timely fashion, and once bids were received, failing to award bids and approve of construction activity at the ACCIDENT SITE to improve safety, and further failing to ensure construction activities were completed in a timely fashion to ensure a prompt resolution and correction of known safety issues.

33. Upon information and belief, Plaintiff BARBARA LEFIELL alleges that upon receipt of these funds, Defendant PUBLIC ENTIITIES' employee's negligently delayed and failed to use the funds to make sufficient repairs to the ACCIDENT SITE which resulted in the injury of Plaintiff, as well as several others.

34. Based upon information and belief, Plaintiff BARBARA LEFIELL alleges that Defendant PUBLIC ENTITIES' employees have admitted to the danger of the ACCIDENT

Plaintiff's Complaint for Damages

1  SITE, acknowledged that the ACCIDENT SITE needs safety improvements, and were aware of
2  the dangerous condition of the hazardous platform and ACCIDENT SITE.

3      35.    The negligence of Defendant PUBLIC ENTITIES was a substantial factor in
4  causing Plaintiff's injury.

5      36.    As a direct and proximate cause of the dangerous condition as set forth herein,
6  Plaintiff was injured on March 28, 2017.

7      37.    As a legal result of said Defendants tortious misconduct, Plaintiff suffered and
8  continues to suffer personal injuries and related damages and was injured in her health, strength,
9  and activity, sustaining injury to his nervous system and person, all of which injuries have
10 caused and continue to cause said Plaintiff's great mental, physical, and nervous pain and
11 suffering. As a result of such injuries, Plaintiff has suffered general damages in an amount in
12 excess of the jurisdictional minimum of this court.

13     38.    As a further legal result of Defendant's tortious misconduct, Plaintiff suffered loss
14 of earnings and earning capacity, in the past, present, and future, in an amount that will be
15 demonstrated at trial according to proof.

16     39.    As a further legal result of the tortious misconduct of Defendants and each of
17 them, Plaintiff has incurred and continues to incur economic losses for necessary hospital,
18 medical and professional care and treatment of the injuries she suffered, and continues to suffer,
19 all to their damage, in a sum within the jurisdiction of this court and according to proof at the
20 time of trial.

## SECOND CAUSE OF ACTION

*NEGLIGENCE/DANGEROUS CONDITION AGAINST DEFENDANTS UNION PACIFIC, AMTRAK, BRIAN SMITH, AND DOES 51-100*

25     40.    Plaintiffs incorporate herein by reference all paragraphs hereinabove as if fully set
26 forth in detail below.

- 9 -

Plaintiff's Complaint for Damages

41. On March 28, 2017 Defendants UNION PACIFIC, AMTRAK, and DOES 51-100 (the "RAILROAD DEFENDANTS") owned, operated, and/or controlled the railroad and the adjacent land near the intersection of Ferry Street and Marina Vista in Martinez, California.

42. At said time and place, the Railroad property was in a dangerous condition that created a substantial risk of the type of injury that Plaintiff suffered when it was being used in a manner that was reasonably foreseeable.

43. The dangerous condition included, but is not limited to, faulty and negligent plan, design, construction, repair, installation, inspection, operation and/or maintenance of the Railroad and adjoining property, by failing to plan, design, construct, repair, install and/or maintain the Railroad and adjoining property with sufficient clearance from the railroad tracks, placement of and allowing to remain a hazardous platform, lack of restrictive measures, lack of pedestrian signage, lack of channelization and warnings, lack of warning signage and devices alerting the public, including drivers, pedestrians, and Plaintiff of the dangerous condition.

44. Plaintiffs are informed and believe, and based thereon allege, the RAILROAD DEFENDANTS had the legal authority and obligation to construct and maintain the ACCIDENT and right-of-way in a safe and reasonable manner.

45. Plaintiffs are informed and believe, and based thereon allege, the RAILROAD DEFENDANTS were required to maintain adequate warning devices at the ACCIDENT SITE to warn pedestrians of an oncoming train. Additionally, because of the placement of the hazardous platform in proximity to the railroad tracks and poor channelization, pedestrians were deceived into standing too close to the tracks where they could be struck.

46. Plaintiffs are informed and believe, and based thereon allege, the RAILROAD DEFENDANTS had a duty to operate their train safely. Instead, the Railroad Defendants operated the train at a speed unsafe for local then existing conditions, and, furthermore, failed to slow or decelerate when faced with a specific, local hazard on its approach to the ACCIDENT SITE.

47. Plaintiffs are informed and believe, and based thereon allege, the RAILROAD DEFENDANTS failed to provide proper audible warning. The RAILROAD DEFENDANTS

Plaintiff's Complaint for Damages

maintained and sounded an inadequate and improper horn warning of the approach of the train which failed to adequately warn Plaintiff of the train's approach in enough time to take effective action to avoid the collision.

48. Plaintiffs are informed and believe, and based thereon allege, the RAILROAD DEFENDANTS had the legal duty and obligation to maintain adequate, satisfactory and safe sight distances for pedestrians at the ACCIDENT SITE.

49. Plaintiffs are informed and believe, and based thereon allege, the RAILROAD DEFENDANTS had a duty to clear and maintain its right-of-way pursuant to common law and failed to properly maintain and clear the right-of-way of foliage, bush, trees, and other growth or obstructions.

50. Plaintiffs are informed and believe, and based thereon allege, that the RAILROAD DEFENDANTS failed to take proper steps to prevent pedestrians from accessing the railroad right-of-way despite having actual and/or constructive notice of the dangerous condition in sufficient time prior to the Subject Incident to have taken measures to protect against the dangerous condition and prevent the injury which occurred herein.

51. Plaintiffs are informed and believe, and based thereon allege, that the dangerous condition was the result of negligent and/or wrongful acts and/or omissions by the RAILROAD DEFENDANTS. Plaintiffs are informed and believe, and based thereon allege, that RAILROAD DEFENDANTS had actual and/or constructive notice of the dangerous condition in sufficient time prior to the Subject Incident to have taken measures to protect against the dangerous condition and prevent the injury which occurred herein.

52. Plaintiffs are informed and believe, and based thereon allege, that the RAILROAD DEFENDANTS knew of the dangerous condition of the ACCIDENT SITE for several years and negligently failed to make sufficient safety improvements. In May of 2013 RAILROAD DEFENDANTS assessed the ACCIDENT SITE with Defendant PUBLIC ENTITIES and selected it for hazard elimination and safety improvements based upon hazard potential.

Plaintiff's Complaint for Damages

53. Plaintiffs are informed and believe, and based thereon allege, that despite knowledge of the dangerous condition of the ACCIDENT SITE, the RAILROAD DEFENDANTS negligently failed to construct, implement, or install any temporary safety features including but not limited to; signs, cones, fencing, illuminations, warnings, warning signs, railing, crosswalks, channelization devices, warning devices, or other measures alerting the public, including pedestrians and Plaintiff of the dangerous condition.

54. Plaintiffs are informed and believe, and based thereon allege, that the RAILROAD DEFENDANTS were negligent in hiring, training, and providing proper instruction to employees.

55. At said time and place above, it was the duty of DEFENDANT BRIAN SMITH to operate the train with reasonable care acting within the course and scope of his employment. Notwithstanding that duty, DEFENDANT SMITH did then and there so negligently operate the train that it struck the Plaintiff. If DEFENDANT SMITH would have slowed the train and/or applied the brakes in a timely fashion, he could have avoided a collision or changed the dynamic of the collision to the extent that the damages from the collision could have been significantly reduced or eliminated. DEFENDANT SMITH was negligent in that he:

   a. Failed to maintain a proper lookout;
   b. Failed to provide a proper audible warning;
   c. Operated the train at an excessive and high rate of speed unsafe for local then existing conditions;
   d. Violated federal railroad safety regulations regarding proper audible warning; and/or
   e. Failed to slow or stop when confronted with a specific, individual hazard at the ACCIDENT SITE;

56. Due to the dangerous and peculiar condition of the Railroad, the Railroad was in need of fencing, and the RAILROAD DEFENDANTS had a duty to maintain fencing or railings sufficient to obviate this dangerous and peculiar condition.

- 12 -

Plaintiff's Complaint for Damages

57. The RAILROAD DEFENDANTS had exclusive control over the fencing or railings at the ACCIDENT SITE.

58. The RAILROAD DEFENDANT'S failure to maintain and/or install proper fencing near the ACCIDENT SITE created a substantial risk of injury, in that the location and placement of the platform and adjacent structures at the ACCIDENT caused pedestrians such as Plaintiff to rely on and believe that it was sufficient to adequately protect the public.

59. The RAILROAD DEFENDANTS breached their duty of due care that they owed to Plaintiff to exercise ordinary or reasonable care in the design, use, control, maintenance, inspection and management of the Railroad, as herein alleged, in that the RAILROAD DEFENDANTS carelessly and negligently designed, controlled, used, inspected, maintained, and/or managed the Railroad and its adjoining property to allow a dangerous condition to exist as herein alleged. Furthermore, the RAILROAD DEFENDANTS failed to warn Plaintiff and other persons of the dangerous condition they had created by allowing said condition to exist, causing Plaintiff to sustain the serious injuries complained of herein.

60. The RAILROAD DEFENDANTS breached their duty of due care that they owed to Plaintiff by failing to make improvements that would obviate the dangerous condition near the ACCIDENT SITE.

61. The dangerous condition was a substantial factor in causing Plaintiff's injury.

62. The negligence of the RAILROAD DEFENDANTS was a substantial factor in causing Plaintiff's injury.

63. As a direct and proximate cause of the negligence and dangerous condition as set forth herein, Plaintiff was severely injured.

64. As a legal result of said Defendants tortious misconduct, Plaintiff suffered and continues to suffer personal injuries and related damages and was injured in her health, strength, and activity, sustaining injury to her nervous system and person, all of which injuries have caused and continue to cause said Plaintiff's great mental, physical, and nervous pain and suffering. As a result of such injuries, Plaintiff has suffered general damages in an amount in excess of the jurisdictional minimum of this court.

Plaintiff's Complaint for Damages

65. As a further legal result of Defendant's tortious misconduct, Plaintiff suffered loss of earnings and earning capacity, in the past, present, and future, in an amount that will be demonstrated at trial according to proof.

66. As a further legal result of the tortious misconduct of Defendants and each of them, Plaintiff has incurred and continues to incur economic losses for necessary hospital, medical and professional care and treatment of the injuries she suffered, and continues to suffer, all to their damage, in a sum within the jurisdiction of this court and according to proof at the time of trial.

## PUNITIVE DAMAGES

67. Plaintiffs incorporate herein by reference all paragraphs hereinabove as if fully set forth in detail below.

68. Plaintiff BARBARA LEFIELL is entitled to seek exemplary or punitive damages against Defendant UNION PACIFIC, AMTRAK and BRIAN SMITH.

69. At all times herein mentioned, Defendant UNION PACIFIC owned, leased, controlled, and/or operated the Railroad.

70. At all times herein mentioned, Defendant AMTRAK owned and operated the train that struck the Plaintiff.

71. At all times herein mentioned, Defendant BRIAN SMITH was acting within the course and scope of his employment as the conductor of the train.

72. Defendants UNION PACIFIC, AMTRAK, and BRIAN SMITH negligently, recklessly, and with conscious disregard for the welfare and safety of others refused to take measures to protect against the dangerous condition and prevent the injury that occurred herein despite having had actual and/or constructive notice of the dangerous condition.

73. Due to Defendants UNION PACIFIC, AMTRAK, and BRIAN SMITH conscious disregard of the rights and safety of Plaintiff, Plaintiff BARBARA LEFIELL requests the assessment of punitive damages against Defendants in an amount appropriate to punish or set an example of them.

Plaintiff's Complaint for Damages

7.

## DEMAND FOR JURY TRIAL

74. Plaintiffs hereby demand a trial by jury on all causes of action.

8.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. General damages to Plaintiff, according to proof;
2. Economic damages to Plaintiff, according to proof;
3. Medical and related expenses of Plaintiff, according to proof;
4. Loss of earnings of Plaintiff, according to proof;
5. Loss of earning capacity of Plaintiff, according to proof;
6. Punitive damages as to Defendants UNION PACIFIC RAILROAD, AMTRAK, and BRIAN SMITH;
7. Costs of suit herein;
8. Prejudgment interest; and
9. Such other further relief as the Court deems just and proper.

DATED: January 24, 2018          Harris Personal Injury Lawyers, Inc.


By__/S/Katie McIver_____

Katie McIver
Attorney for Plaintiff

- 15 -

Plaintiff's Complaint for Damages