UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA LEFIELL,<br><br>   Plaintiff,<br><br> v.<br><br>UNION PACIFIC RAILROAD COMPANY, et al.,<br><br>   Defendants. | Case No. 18-cv-00522-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

Currently before the Court is defendant City of Martinez's motion to dismiss plaintiff Barbara Lefiell's complaint. Dkt. No. 11. Plaintiff has filed an opposition to the motion. Dkt. No. 31. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART defendant's motion to dismiss the complaint. Any amended complaint must be filed **not later than May 18, 2018**.

## BACKGROUND

Plaintiff filed the instant complaint on January 24, 2018. Dkt. No. 1. According to Ms. Lefiell, on March 28, 2017, she was "struck and severely injured" by an Amtrak train while waiting at a railroad crossing in Martinez, California. Compl. ¶ 1. In her most specific iteration, plaintiff claims that while waiting on a platform near the Amtrak station, she was "struck by Amtrak's train…operating on tracks and property owned and controlled by Defendant." *Id*. ¶ 12. Plaintiff alleges that defendant was responsible for the design, supervision, operation, and evaluation of the platform, sidewalk, and general area where the accident occurred. *Id*. According to Ms. Lefiell, defendant was negligent in overseeing and maintaining the accident site, thereby creating a dangerous condition. The alleged negligence includes "negligent and careless

1 maintenance, design, construction, management, repair, inspection, fencing, railing, approaching sidewalks, placing and allowing a platform and sidewalk to be placed too close to the railroad tracks…or that the accident site had no warnings, warning signs, barriers, and/or flashing lights and other signals alerting the public…and plaintiff of the dangerous condition." *Id.* ¶ 20. Ms. Lefiell alleges that defendant was aware of this dangerous condition because "other members of the public have been struck by moving railroad equipment at and near the accident site." *Id.* ¶ 22.

Plaintiff's complaint alleges two causes of action: (1) violation of Government Code sections 835, 815.2(A), 815.6, 835.2, and 840.4 against defendants City of Martinez, State of California, County of Contra Costa, and Does 1-50; and (2) negligence against defendants Union Pacific, Amtrak, Brian Smith, and Does 51-100. Essentially, Ms. Lefiell seeks to hold the City liable for (1) dangerous condition of public property; and (2) public employee negligence.

Defendant City of Martinez filed a motion to dismiss on February 22, 2018. Dkt. No. 11. Defendant argues plaintiff's complaint should be dismissed because plaintiff's single cause of action against the City conflates separate theories of liability that are either inapplicable or inapposite. As a result, defendant argues plaintiff's complaint fails to conform to F.R.C.P. 8. (Defendant concedes plaintiff has pled an appropriate cause of action under Government Code section 835, but argues that plaintiff otherwise fails to state a claim.) Plaintiff filed an opposition on March 7, 2018. Dkt. No. 31.

**LEGAL STANDARD**

**1.     Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to

2

relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)(quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

**2.     Federal Rule of Civil Procedure 8**

Under Federal Rule of Civil Procedure 8, plaintiffs must "plead a short and plain statement of the elements of his or her claim." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Dismissal is appropriate under Rule 8 where a complaint is "argumentative, prolix, replete with redundancy and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was "verbose, confusing and conclusory"). "Something labeled a complaint but ... prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. Such a complaint only serves to "impose unfair burdens on litigants and judges." *Id.*,

3

at 1179. In evaluating whether a complaint should be dismissed under Rule 8, the Ninth Circuit has stated that dismissal does not turn upon whether "the complaint is wholly without merit." *Id*.

**DISCUSSION**

Defendant City of Martinez argues that plaintiff's complaint fails to allege specific facts under Government Code sections 835.2, 840.4, 815.2(a), or 815.6 linking the alleged negligence of City (and its employees) to plaintiff's injury. While defendant concedes that plaintiff has adequately alleged a cause of action under Government Code section 835 for dangerous condition of public property, defendant argues that the allegations in plaintiff's complaint all relate to the dangerous condition of public property and not to negligence. Because defendant concedes a claim under 835 has been adequately alleged, the motion to dismiss regarding Section 835 is DENIED. The court will address the remaining claims below.

**1. Government Code sections 835.2 and 840.4**

Government Code sections 835.2 and 840.4 define when a public entity and public employee have actual and constructive notice of a dangerous condition. Cal. Gov't Code § 835.2; Cal. Gov't Code § 840.4. The two statutes do not provide a basis for liability. Accordingly, the Court GRANTS the motion to dismiss without leave to amend as to Government Code sections 835.2 and 840.4.

**2. Government Code section 815.2(a)**

Section 815.2(a) allows a public entity to be held vicariously liable for the acts or omissions of its employees. *Walker v. Cty. of Los Angeles*, 192 Cal. App. 3d 1393, 1397, 238 Cal. Rptr. 146, 148 (Ct. App. 1987) ("A public entity is liable [under 815.2(A)] for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). "In order to state a claim on this basis, Plaintiff must allege that the Individual Defendants knew, or in the exercise of reasonable

4

care should have known, that other Individual Defendants and other employees were unfit and posed a risk to Plaintiff of the sort of harm that occurred." *Petersen v. Cty. of Stanislaus*, No. 1:12-CV-00933-AWI, 2012 WL 4863800, at *9 (E.D. Cal. Oct. 12, 2012).

The Court finds that there are insufficient facts in the complaint to set forth the requirements of Government Code section 815.2(a). There have been no specific factual allegations that demonstrate plaintiff's accident occurred because of negligent acts that were administered by City employees. Plaintiff claims defendant's employees failed to allocate and use funds for safety improvement at the alleged accident site, and that defendant's employees failed to request and receive bids for improvement of the site in a timely fashion. Plaintiff also alleges defendant's employees failed to award bids and approve of construction activity once those funds were received. However, plaintiff does not allege specific facts or non-conclusory statements in support of these allegations. Accordingly, the Court GRANTS the motion to dismiss with leave to amend as to Government Code section 815.2(a).

### 3. Government Code section 815.6

Section 815.6 provides a private right of action against a public entity for breach of a mandatory duty. Section 815.6 has three discrete requirements which "must be met before governmental entity liability may be imposed under Government Code section 815.6: (1) an enactment must impose a mandatory duty; (2) the enactment must be meant to protect against the kind of risk of injury suffered by the party asserting section 815.6 as a basis for liability; and (3) breach of the mandatory duty must be a proximate cause of the injury suffered." *San Mateo Union High Sch. Dist. v. Cty. of San Mateo*, 213 Cal. App. 4th 418, 428, 152 Cal. Rptr. 3d 530, 538–39 (Ct. App. 2013). "The first requirement, which is ultimately dispositive here, is that the enactment at issue be obligatory, rather than merely discretionary or permissive, in its directions to the public entity; it must require, rather than merely authorize or permit, that a particular action be taken or not taken." *San Mateo Union*, 213 Cal. App. 4th at 428. "Whether a particular statute is intended to impose a mandatory duty, rather than a mere obligation to perform a discretionary function, is a question of statutory interpretation for the courts." *Id.* at 428–29.

Defendant argues that plaintiff fails to identify a single constitutional provision, statute, or charter that imposes a mandatory duty on the City. Dkt. No. 11. The Court agrees. The complaint is devoid of factual allegations that clearly demonstrate which mandatory duty the City breached. Plaintiff alleges defendant breached 835 but does not demonstrate this allegation passes the first prong of the test for 815.6 liability. The complaint fails to plead the facts underlying the elements of the Government Code section 815.6 claim. Accordingly, defendant's motion to dismiss on this claim is GRANTED with leave to amend.

## CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART defendant's motion to dismiss. Plaintiff's claims under Government Code sections 835.2 and 840.4 are dismissed with prejudice; the claims under Government Code sections 815.2(a) and 815.6 are dismissed with leave to amend; and the defendant's motion under Government Code section 835 is denied. Plaintiff's amended complaint should clearly specify and allege each separate cause of action against the City, and **must be filed not later than May 18, 2018**.

**IT IS SO ORDERED**.

Dated: May 2, 2018

_____
SUSAN ILLSTON
United States District Judge